**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RURAL WATER DISTRICT NO. 5 ) | |
| WAGONER COUNTY, OKLAHOMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08-CV-252-JED-FHM |
| v. ) | |
| ) | |
| CITY OF COWETA; COWETA ) | |
| PUBLIC WORKS AUTHORITY, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

The Court has for its consideration the defendants' Motion to Exclude the Testimony of Plaintiff Financial Expert Ronald Creason Pursuant to Daubert v. Merrell Dow (Doc. 51).

**I.**

Defendants, City of Coweta and Coweta Public Works Authority (collectively, the "City"), request that the Court enter an order excluding the testimony of Ronald Creason, who is the designated damages expert for the plaintiff, Rural Water District No. 5 of Wagoner County, Oklahoma ("Wagoner-5"). Mr. Creason is a Certified Public Accountant ("CPA"). He has been designated to provide expert opinions regarding "the net revenue lost by Wagoner-5 due to the City . . . providing water service to certain customers located within the geographical boundaries of Wagoner-5." (Doc. 51-1 at 3, ¶ 7). He has calculated, as to each of the disputed customers, net revenues he asserts that Wagoner-5 would have had if it had provided water service to each. (*See id.* at ¶ 8).

The City argues that Mr. Creason's opinions should be excluded. The City challenges "both the qualifications of Mr. Creason to offer an opinion as offered and the relevance and reliability of the opinions offered." (Doc. 51 at 2).

## II.

Rule 702 of the Federal Rules of Civil Procedure applies to the admissibility of expert testimony. The rule provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> **(b)** the testimony is based on sufficient facts or data;
>
> **(c)** the testimony is the product of reliable principles and methods; and
>
> **(d)** the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589, 597 (1993), the Supreme Court held that district courts act in a "gatekeeping role" to ensure that scientific expert testimony is relevant and reliable. This was later expanded to apply to the opinions of all experts, not just scientific experts. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) ("We conclude that *Daubert's* general holding -- setting forth the trial judge's general 'gatekeeping' obligation -- applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge.").

In *Bitler v. A.O. Smith Corp.,* 400 F.3d 1227 (10th Cir. 2005), the Tenth Circuit discussed the role of district courts when considering a *Daubert* challenge. The court should make a preliminary finding whether the expert is qualified, by determining "if the expert's proffered testimony . . . has 'a reliable basis in the knowledge and experience of his [or her] discipline.'" 400 F.3d at 1232-33 (quoting *Daubert*, 509 U.S. at 592). The proponent of expert testimony must establish that the expert used reliable methods to reach his conclusion and that the expert's opinion is based on a reliable factual basis. *See id.* at 1233. "[A] trial court's focus generally

should not be upon the precise conclusions reached by the expert, but on the methodology employed in reaching those conclusions." *Id.* However, an impermissible analytical gap in an expert's methodology can be a sufficient basis to exclude expert testimony under *Daubert. See id.*; *see also Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 886 (10th Cir. 2005).

### III.

Because Mr. Creason has no expertise "in operating a rural water district," the City argues that Mr. Creason is not qualified and that his knowledge will not be helpful to the trier of fact. (*See* Doc. 51 at 3). There is no suggestion by the City that Mr. Creason is not generally qualified to provide opinions based upon accounting work and principles and, as a CPA, his accounting opinions and calculations appear to have "a reliable basis in the knowledge and experience of his discipline." *See Daubert*, 509 U.S. at 592; *Bitler*, 400 F.3d at 1232-33. "Expert testimony on damages frequently will assist the trier of fact because damage calculations often involve complex aspects of economics and mathematics." 29 Fed. Prac. & Proc. Evid. § 6264 (1st ed.). The fact that Mr. Creason is not an expert in operating a rural water district does not render his accounting work and opinions inadmissible. An expert need not have expertise in the exact business at issue, and the City has cited no authority to support its argument otherwise.

The City also challenges Mr. Creason's opinions as not being based on sufficient facts or data and not the product of reliable methods, because Mr. Creason testified that much of the data upon which he based his calculations was provided to him by Wagoner-5's counsel. (*See* Doc. 51 at 4). However, the City cites no legal authority in support of its argument to exclude Mr. Creason's opinions simply because they are based upon his calculations utilizing cost numbers provided by Wagoner-5. Mr. Creason testified that his opinion and calculations were based upon usage information that was provided by the City, rate charges that Wagoner-5 would have

3

charged, and cost of water to Wagoner-5. (Doc. 51-2 at 6 of 34). Damages experts will often necessarily rely upon data that is supplied by others, and this data information of the City and Wagoner-5 obviously had to be supplied to Mr. Creason in order to perform his accounting work. The rules expressly permit reliance upon data that is provided by others: "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Civ. P. 703. Thus, accounting experts may typically base their expert opinions upon data and information provided by others, such as information from a corporation's business or financial records or interviews with employees, because such sources of information are normally and reasonably relied on by accountants. *See, e.g., Int'l Adhesive Coating Co., Inc. v. Bolton Emerson Int'l, Inc.*, 851 F.2d 540, 545 (1st Cir. 1988) ("we think it obvious that these are sources of information normally and reasonably relied upon by accountants"); *United States v. Affleck*, 776 F.2d 1451, 1457 (10th Cir. 1985) (admission of accountant testimony which relied upon hearsay information provided in part by employees of defendant was proper).

While the City criticizes Mr. Creason's opinions because he did not rely on a historical rate of return and instead relied upon cost data supplied by Wagoner-5 or its counsel, the City has not shown that there is "too great an analytical gap between the data and the opinion proffered" to warrant exclusion of those opinions. *See Norris*, 397 F.3d at 886. While the City's criticisms of Mr. Creason's analysis may be appropriate for cross-examination, they do not render his opinions inadmissible.

Accordingly, the City's Motion (Doc. 51) is **denied**.

IT IS SO ORDERED this 8th day of October, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE